# JUDGE BUCHWALD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

HELEN S. KAHANER, for herself and all
others similarly situated,

      Plaintiff,

   v.

MEMORIAL SLOAN-KETTERING
CANCER CENTER,

      Defendant.

------------------------------------------------------- x

Civil Action No. 07 CIV 9626

**ECF CASE**

**CLASS ACTION COMPLAINT**

OCT 30 2007
U.S.D.C. S.D.N.Y.
CASHIERS

   Plaintiff, for her class action complaint against Defendant, alleges the following upon

personal knowledge as to herself and her own acts and based on the investigation conducted by

her attorneys as to all other matters:

## SUMMARY OF THE ACTION

   1.  Plaintiff brings this action on her own behalf and on behalf of all similarly

situated present and former medical patients of Defendant Memorial Sloan-Kettering Cancer

Center ("Sloan-Kettering"), which has deceptively and unlawfully inflated doctor bills and other

charges to patients by misrepresenting the balance owed after insurance payments, in violation

of, among other things, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices. Defendant Sloan-Kettering unlawfully took and continues to take undue advantage of

those that seek out its expertise and help in fighting the deadliest cancers.

2.      Plaintiff and the Class seek: (i) injunctive relief restraining Defendant from falsely overbilling patients; and (ii) disgorgement of all amounts obtained by reason of the overbilling, with interest thereon.

## PARTIES

3.      Plaintiff, Helen S. Kahaner ("Kahaner"), is a citizen and resident of Beaufort County, South Carolina.

4.      Defendant Sloan-Kettering is the world's oldest and largest private cancer center, an institution devoted to prevention, patient care, research, and education in cancer.  It is a New York not-for-profit corporation duly licensed with the New York Department of State.  Its principal place of business is at 1275 York Avenue, New York, New York.

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and the Class Action Fairness Act, 15 U.S.C. §1332(d), which grants this Court original jurisdiction.   Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367, since these claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Further, this Court has personal jurisdiction over the Defendant based upon CPLR 301 and 302, since Defendant does business and/or transacts business in New York County related to the causes of action alleged herein.

6.      Venue is proper in this district because Defendant is present in this District and the wrongs complained of occurred in this District. 28 U.S.C. § 1391.

## CLASS ACTION ALLEGATIONS

7.      Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23 on

behalf of herself and all similarly situated present and former medical patients of Sloan-

Kettering, which has deceptively and unlawfully inflated doctor bills and other charges to

patients by misrepresenting the balance owed after insurance payments.

8.      The class is so numerous that joinder of all members is impracticable. The

number of persons comprising the Class is greater than several thousand.

9.      There are questions of law or fact common to the classes. The questions common

to the Class include but are not limited to whether or not the Defendant breached its obligations

owed to the members of the Class by balance billing them for amounts in excess of the

discounted amounts which Sloan-Kettering had agreed to perform services pursuant to pertinent

regulations or insurance contracts, misrepresenting the true liability of Class members for

amounts that were balance billed, and failing to timely furnish the information actually requested

by Class members and required to be supplied to them.

10.     Plaintiff's claims are typical of the claims of each Class member.  Plaintiff was a

participant in a medical insurance plan.  The Defendant has acted commonly with respect to all

of the members of the Class.

11.     The representative party will fairly and adequately protect the interests of the

Class.  The Plaintiff has retained competent counsel and has acted and intends to act prudently

with respect to the interests of the Class.

12.     A class action is a superior method for a fair and efficient adjudication of the

rights of the Plaintiff and the Class.  A class action will avoid duplication and the risk of

3

conflicting results that would occur if the thousands of persons comprising the Class were to

maintain separate actions to determine their rights and remedies.

## SUBSTANTIVE ALLEGATIONS

13.    In the early part of 2007, Plaintiff was diagnosed with a tumor on the kidney and

received medical attention at Sloan-Kettering to address this diagnosis. Plaintiff was insured

through Assurant Health ("Assurant"), a business segment of Assurant, Inc., a Milwaukee,

Wisconsin, based insurance company.

14.    About the time that Plaintiff was first admitted for treatment at Sloan-Kettering,

she completed numerous forms. Among these forms was one that furnished Sloan-Kettering

with Plaintiff's medical insurance information, including the name of the insurer, its address and

telephone number, Plaintiff's account number with Assurant and other related matters.

15.    Sloan-Kettering periodically sent invoices to Assurant seeking payment for

medical services that were provided to Plaintiff by Sloan-Kettering over a given period of time.

Likewise, Sloan-Kettering periodically sent invoices to Assurant seeking payment for medical

services that were provided by doctors and other professionals who treated Plaintiff and who

arranged for Sloan-Kettering to bill for their services.

16.    Under the Plaintiff's contract of insurance with Assurant, medical bills for

services provided outside of Plaintiff's home network, as was the case for Sloan-Kettering and its

doctors, were subject to a 10% price reduction pursuant to Assurant's contract with MultiPlan, an

independent, cost management solutions company that reprices claims for payment by

participating medical providers, including Defendant Sloan-Kettering and its doctors. Under the

same contract between Assurant, Multiplan, and hospitals and doctors participating in the

4

MultiPlan, including Defendant Sloan-Kettering and its doctors, balance billing the patient for the 10% discount is not permitted.

17.    After the MultiPlan reduction, Plaintiff remains responsible to pay out-of-pocket 30% of all out-of-network discounted bills, up to a maximum of $3,000 per annum. Assurant is responsible for 70% of the first $3,000 per annum of out-of-network discounted bills and 100% of all out-of-network medical bills thereafter.

18.    On or about July 31, 2007, Assurant mailed four Explanations of Benefits ("EOBs") to Plaintiff detailing the processing and payment of charges billed by physicians that treated her at Sloan-Kettering. The EOBs reflected the following:

| Physician | Provider Charge | Allowed Amount | Discount Amount | Amount Paid | Patient Responsibility |
|-----------|----------------|----------------|-----------------|-------------|------------------------|
| Robert T. Heelan, MD | $45.00 | $40.50 | $4.50 | $28.35 | $12.15 |
| Samson W. Fine, MD | $1,370.00 | $1,233.00 | $137.00 | $863.10 | $369.90 |
| Harry W. Herr, MD | $12,365.00 | $11,128.50 | $1,236.50 | $8,739.41 | $2,389.09 |
| Paul H. Dalecki, MD | $2,990.00 | $2,691.00 | $299.00 | $2,691.00 | $0.00 |
| Totals | $16,770.00 | $15,093.00 | $1,677.00 | $12,321.86 | $2,771.14 |

The EOBs note that the provider charges were discounted to reflect the 10% MultiPlan discount and that the patient is not responsible to pay this discount amount. However, the EOBs note that the patient is responsible to pay the difference between the allowed amount and the amount paid in accordance with Assurant policy terms applicable to the patient, which in this instance amounts to $2,771.14 because Plaintiff had previously paid $228.86 of her $3,000 maximum per annum obligation for out-of-network charges.

19.    On or about August 6, 2007, Plaintiff received through the mail four invoices

from Sloan-Kettering reflecting charges for various physicians' services performed at Sloan-

Kettering in connection with the treatment and surgical removal of the tumor previously

diagnosed on her kidney.

| Invoice No. | Physician | Provider Charge |
|---|---|---|
| 13103689 | Robert T. Heelan, MD | $45.00 |
| 13131689 | Samson W. Fine, MD | $1,370.00 |
| 13220113 | Harry W. Herr, MD | $12,365.00 |
| 13243203 | Paul H. Dalecki, MD | $2,990.00 |

20.    Shortly after receiving the foregoing invoices, Plaintiff contacted Sloan-Kettering

to ascertain what Assurant paid and what amounts remained outstanding.  A Sloan-Kettering

representative responded that payment from Assurant was received, but that there was an

outstanding balance of $4,448.14.

21.    As is plainly evident from the foregoing, however, after payment by Assurant,

only $2,771.14 remained to be paid.  The amount billed to Plaintiff by Sloan-Kettering is

$1,677.00 greater than the actual patient responsibility, reflecting Sloan-Kettering's improper

balance billing of Plaintiff for the full 10% discounted under MultiPlan.

22.    On or about August 18, 2007, Plaintiff corresponded with Sloan-Kettering and

requested a detailed breakdown of all charges and credits to her account that supported the

claimed amount still outstanding of $4,448.14.

23.    On or about August 29, 2007, in response to Plaintiff's request, defendant Sloan-

Kettering mailed a statement of account for physician services to Plaintiff.  This statement

6

continues to improperly claim that $4,448.14 remains outstanding and fails to account for the MultiPlan discount, which amount may not be lawfully balance billed.

24.    In the course of its debt collection business, Sloan-Kettering repeatedly and persistently engaged in fraudulent, deceptive and illegal practices aimed, *inter alia*, at inducing Plaintiff and the consumer Class into paying alleged debts and additional money that the consumers do not owe and which Sloan-Kettering has no right to collect.

25.    Plaintiff has met all conditions precedent to bringing this action.

26.    In those cases where Sloan-Kettering attempts to collect debts on behalf of its doctors or another third-party, Sloan-Kettering is acting as a debt collector, as defined in 15 U.S.C.§ 1692a, and is subject to the provisions of the FDCPA.

## COUNT I

## VIOLATION OF FDCPA

27.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the fact that the Defendant violated 15 U.S.C. § 1692e(2)(A) & (10) by falsely representing the character, amount and legal status of the debts owed it and its doctors.

29.    By demanding amounts from patients that it has no right to demand or collect, Sloan-Kettering is violating 15 U.S.C. §§ 1692e(2)(B).

30.    15 U.S.C. § 1692f(1) prohibits a debt collector from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.    By demanding and collecting amounts from patients that are expressly unauthorized through any agreement with the patients' insurer, Sloan-Kettering is violating 15 U.S.C. § 1692f.

32.    Defendant is liable to Plaintiff and the Class for declaratory judgment that Defendant's conduct violated the FDCPA, and to Plaintiff and the Class for actual damages, statutory damages, and the costs and attorney's fees, experts and other legal expenses..

## COUNT II

## VIOLATION OF GENERAL BUSINESS LAW § 349(a)

33.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34.    Defendant has committed deceptive business acts and engaged in deceptive business practices under the New York State's General Business Law § 349(a) by actively concealing from and by failing to inform the Plaintiff and Class members that the amounts that were being balance billed were unlawful.  The information supplied to Plaintiff and the Class and withheld from Plaintiff and the Class by Defendant was misleading in a material respect.

35.    Plaintiff and the Class have been injured by the deceptive business practices engaged in by Defendant because they have improperly been invoiced for funds that are not owing.

## COUNT III

## BREACH OF CONTRACT

36.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

8

37.    Defendant is a party to a contract with Plaintiff's and the Class' insurers under which Defendant agreed to abide by the terms of its contract with the insurers, to which Plaintiff and the Class members are third-party beneficiaries, and to fully disclose all relevant information concerning the insurance benefits under which Defendant was paid.

38.    Defendant breached the contract by failing to timely inform Plaintiff and the Class and actively concealing from same that Defendant was improperly balance billing for fees that it and its doctors were not lawfully entitled to. Plaintiff and the Class have been injured by virtue of this breach.

## DECALARTORY RELIEF

39.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40.    This is a claim for declaratory relief.

41.    Plaintiff and the Class are third party beneficiaries of insurance contracts under which they are entitled to discounted medical services. The Defendant is precluded under the insurance contracts from balance billing for these discounted amounts. Plaintiff and the Class are entitled to sue for a judicial determination of their rights.

42.    Defendant improperly denied Plaintiff and the Class the benefits to which they are entitled under the terms of the relevant insurance contracts and pertinent regulations.

## RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a) Declaratory judgment that Defendant's conduct violated the FDCPA and other laws;

b) Injunctive relief restraining Defendant from falsely overbilling patients;

c) An order requiring the Defendant to provide Plaintiff and the Class with a full

accounting;

d) An order requiring Defendant to repay Plaintiff and the Class the amounts

improperly balance billed and proper interest thereon;

e) Award Plaintiff her attorneys fees, litigation expenses and costs, including

experts fees; and

f) Grant Plaintiff such other and further relief as is just and equitable.

### JURY DEMAND

Plaintiff demands a jury trial on each cause of action.

Dated: New York, New York           WEISS & LURIE
       October 30, 2007

                                     By: _____
                                         Joseph H. Weiss
                                         Mark D. Smilow
                                     551 Fifth Avenue, Suite 1600
                                     New York, New York  10176
                                     (212) 682-3025
                                     (212) 682-3010

10