Leonard M. Rosenberg, Esq. (LR 6910)
Philip C. Chronakis, Esq. (PC 6714)
GARFUNKEL, WILD & TRAVIS, P.C.
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200
*Attorneys for Defendant*
*Memorial Sloan-Kettering Cancer Center*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

HELEN S. KAHANER, for herself and all others similarly situated,

                Plaintiff,

vs.

MEMORIAL SLOAN-KETTERING CANCER CENTER,

                Defendant.

------------------------------------------------X

**DECLARATION OF LEONARD M. ROSENBERG, ESQ., IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Case No.: 07 Civ. 9626 (NRB/KNF)

LEONARD M. ROSENBERG, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, hereby declares pursuant to 28 U.S.C. § 1746 as follows:

1.    I am member of the law firm of Garfunkel, Wild & Travis, P.C., attorneys for defendant Memorial Sloan-Kettering Cancer Center ("MSKCC") in the above-entitled action. I am fully familiar with the facts set forth in this declaration, which I submit in support of MSKCC's Motion to Dismiss this action in its entirety.

2. As explained in detail in the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss and the Declaration of Roger Parker, dated February 28, 2008 ("Parker Decl."), all of the claims in Plaintiff's Complaint – under the Fair Debt Collection Practices Act ("FDCPA"), New York's General Business Law ("GBL"), and for breach of contract – fail as a matter of law.

**Background**

3. MSKCC is a not-for-profit cancer diagnosis, treatment and research center located in Manhattan. Plaintiff Helen S. Kahaner is an individual who received inpatient healthcare services at MSKCC on March 9, 2007.

4. MSKCC billed Plaintiff's insurance company for the health care services it provided to her, and sent invoices to plaintiff for the amount not covered by insurance, totaling $4,448.14. Plaintiff paid no portion of the invoices at issue in this suit, and did not contact MSKCC to dispute her account or seek a 10% discount that she contends should apply. Instead, she filed this federal class action suit against MSKCC. (Parker Decl. ¶¶ 2-3, 8-9.)

**Complaint**

5. In her purported class action complaint filed on October 30, 2007 (copy annexed as Exhibit A), Plaintiff alleges that MSKCC engaged in deceptive billing practices by billing her for healthcare services that she undisputedly received at MSKCC in 2007.

6. Specifically, Plaintiff alleges that MSKCC failed to apply a 10% discount to her account before billing her for the balance remaining after her insurance carrier's payment was posted. The 10% discount at issue relates to an arrangement between MSKCC and MultiPlan (an independent repricing entity), which provides a discount so long as the patient's insurance carrier

844901v.7

makes payment to MSKCC within 45 days of billing. That condition was not met in Plaintiff's case. Although Plaintiff is not a party to MSKCC's arrangement with MultiPlan, Plaintiff alleges that she is third party beneficiary of this agreement.

7. Plaintiff alleges MSKCC overbilled her by $1,677.00 by not applying the 10% discount. Notably, Plaintiff does not allege that she ever paid any portion of that amount. MSKCC's records confirm that she did not, showing that Plaintiff has not suffered any actual injury. Instead of asking MSKCC to correct her account, Plaintiff filed this class action.

**Lack Of Factual And Legal Basis For The Claims**

8. A review of the Complaint quickly demonstrates a complete lack of a factual and legal basis for Plaintiff's claims. MSKCC, in seeking to recover payment for its own services, is not a "debt collector" under the FDCPA. Similarly, Plaintiff does not and cannot allege an actual injury, thereby defeating her claim under the GBL. Plaintiff's breach of contract claim should similarly be dismissed as she suffered no damages and does not have third party beneficiary status under MSKCC's arrangement with MultiPlan.

9. Each of these deficiencies in the Complaint were spelled out explicitly in MSKCC's pre-motion letter to the Court January 11, 2008. (Exhibit B.) Rather than seriously considering the issues raised — for example, by requesting documentation concerning the employment status of the four physicians at issue here — Plaintiff asserted without basis in fact or law, that the MSKCC physicians who provided services to Plaintiff are "independent

844901v.7

contractors" to MSKCC.[1] (A copy of Plaintiff's January 22, 2008, letter to that effect is annexed hereto as Exhibit C.)

10. As expressed more fully in the moving papers, the meritless nature of this action is self-evident, the motivations of Plaintiff in bringing suit are suspect, and the Court should extinguish these baseless claims at the earliest possible time.

## Conclusion

11. For all the reasons set forth above, and for those in the accompanying Memorandum of Law and the Parker Declaration, MSKCC respectfully requests that its Motion to Dismiss be granted in its entirety.

Executed on February 29, 2008.

_____
LEONARD M. ROSENBERG
(LR 6910)

---

[1] Even if MSKCC's physicians were independent contractors, that status alone would not transform MSKCC into a debt collector under the FDCPA.