# GARFUNKEL, WILD & TRAVIS, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD
GREAT NECK, NEW YORK 11021
TEL (516) 393-2200
FAX (516) 466-5964

411 HACKENSACK AVENUE
HACKENSACK, NEW JERSEY 07601
TEL (201) 883-1030
FAX (201) 883-1031

350 BEDFORD STREET
STAMFORD, CONNECTICUT 06901
TEL (203) 316-0483
FAX (203) 316-0493

www.gwtlaw.com

WRITER'S EMAIL: lrosenberg@gwtlaw.com
WRITER'S DIRECT DIAL: (516) 393-2260

January 11, 2008

ROBERT ANDREW WILD
FREDRICK I. MILLER
JUDITH A. EISEN
LEONARD M. ROSENBERG
JEFFREY S. BROWN
ANDREW E. BLUSTEIN
BURTON S. WESTON
DAVID J. BIEHL
MICHAEL J. KEANE
HAYDEN S. WOOL
GREG H. BLOOM
ROY W. BREITENBACH
JEFFRY ADEST
STEVEN R. ANTICO
SUZANNE M. AVENA
STEVEN J. CHANANIE
PHILIP C. CHRONAKIS
PETER M. HOFFMAN
SEAN P. LEYDEN
PETER B. MANCINO
DORIS L. MARTIN
LOURDES MARTINEZ
PATRICK J. MONAHAN II
ALAN H. PERZLEY
GREGG D. REISMAN
TERENCE A. RUSSO
ANDREW J. SCHULSON
DEBRA A. SILVERMAN
CHRISTINA VAN VORT
ANDREW L. ZWERLING

OF COUNSEL
GEORGE M. GARFUNKEL
NORTON L. TRAVIS
DAVID H. STECKLER
STUART M. HOCHRON, M.D.

NATHAN A. BRILL
WILHELMINA A. DE HARDER
LUCIA F. DENG
REBECCA A. EDELMAN LEVY
THERESA A. EHLE
JACQUELINE H. FINNEGAN
JORDAN M. FREUNDLICH
RANDI B. FRIEDMAN
NICOLE F. GADE
STACEY L. GULICK
JASON Y. HSI
JAMES M. INGOGLIA
LAURIE B. JOHNSON
KIMBERLY KEMPTON-SERRA
JOHN P. KRALJIC
SHILPA PATEL LARSON
LAUREN M. LEVINE
RAYMOND P. MULRY
COURTNEY A. ROGERS
MOLLY M. RUSH
AFSHEEN A. SHAH
PETER G. SIACHOS
GREGORY R. SMITH
JESSICA M. SPERLING
COLLEEN M. TARPHY
GERARD H. TONER
JUSTIN M. VOGEL
CAROLINE P. WALLITT
ALICIA M. WILSON

SENIOR ATTORNEYS
LARA JEAN ANCONA
KEVIN G. DONOGHUE
PETER A. EGAN
B. SCOTT HIGGINS
BARBARA D. KNOTHE
EVE GREEN KOOPERSMITH
MARIANNE MONROY
KAREN L. RODGERS
ROBERT H. SCHILLER

♦ LICENSED IN NEW YORK
† LICENSED IN NEW JERSEY
‡ LICENSED IN CONNECTICUT
£ LICENSED IN MASSACHUSETTS
¥ LICENSED IN PENNSYLVANIA
• LICENSED IN SOUTH CAROLINA
§ LICENSED IN DISTRICT OF COLUMBIA
† RESPONSIBLE PARTNERS FOR NEW JERSEY OFFICE

FILE NO.: 07562.0039
REPLY TO: New York

**By Facsimile & Overnight Mail**

The Honorable Naomi R. Buchwald, U.S.D.J.
United States District Court
Southern District of New York
U.S. Courthouse, Courtroom 21A
500 Pearl Street, Room 2270
New York, NY 10007

   Re: *Helen S. Kahaner v. Memorial Sloan Kettering Cancer Center*
     Case No. 07 CIV 9626

Dear Judge Buchwald:

  This firm represents defendant Memorial Sloan Kettering Cancer Center (the "Hospital") in the referenced action. Pursuant to Your Honor's individual rules, the purpose of this letter is to provide the Court with a brief description of the Hospital's anticipated motion to dismiss on the pleadings, and to request a pre-motion conference to discuss this motion and determine a briefing schedule.

**Background**

  The Hospital is a not-for-profit cancer treatment hospital and research center located in Manhattan. Plaintiff Helen S. Kahaner is an individual who received inpatient healthcare services at the Hospital on March 9, 2007, for treatment of kidney cancer.

815462v.5

The Hospital billed Plaintiff's insurance company for the health care it provided to her, and sent invoices to plaintiff for the amount not covered by insurance, totaling $4,448.14. Plaintiff paid no part of the invoices that she put at issue in this suit, and did not contact the Hospital to seek the 10% discount that she believed should apply. Instead, she filed a class action suit against the Hospital alleging violation of the Fair Debt and Collection Practices Act ("FDCPA"), New York's General Business Law ("GBL"), and breach of contract.

## Complaint

In her purported class action complaint filed on October 30, 2007, Plaintiff alleges that the Hospital engaged in deceptive billing practices by billing her for the balance of monies owed, after insurance payments, for healthcare services that she undisputedly received at the Hospital.

Specifically, Plaintiff alleges that the Hospital failed to apply a 10% discount to her account before billing her for the balance remaining after her insurance carrier's payment was posted. The 10% discount at issue may be applicable pursuant to an arrangement between the Hospital and MultiPlan (an independent managed care organization) so long as certain conditions precedent, such as payment by the carrier within 45 days of billing, are met. (That condition was not met in Plaintiff's case.) Further, Plaintiff is not a party to the Hospital's arrangement with MultiPlan. (Plaintiff alleges that she is third party beneficiary of this agreement).

Plaintiff alleges she was overbilled by $1,677.00. Notably, Plaintiff does not allege that she ever paid any part of that amount. The Hospital's records confirm that she did not, showing that Plaintiff has not suffered any actual injury. Instead of seeking a correction to the Hospital's allegedly erroneous invoice, Plaintiff promptly filed a class action lawsuit.

Plaintiff purports to represent a class of patients who, like her, were billed for the Hospital's healthcare services without receiving the 10% MultiPlan discount. On behalf of the proposed class, Plaintiff seeks a declaratory judgment that the Hospital violated the FDCPA and other laws, and injunctive relief restraining the Hospital from falsely overbilling patients. Plaintiff also seeks a full accounting, repayment of improperly billed amounts with interest, attorneys fees, and litigation costs.

## The Hospital's Motion to Dismiss

Each of the three counts of the Complaint should be dismissed as a matter of law. The Hospital, in seeking to recover payment for its own services, is not a "debt collector" under the FDCPA. Similarly, Plaintiff does not and cannot allege an actual injury, thereby defeating her claim under the GBL. Plaintiff's breach of contract claim should similarly be dismissed as she does not have third party beneficiary status under the Hospital's arrangement with MultiPlan.

First, the FDCPA permits recovery for deceptive collection practices employed by a debt collector, defined generally as a third-party entity collecting debts on behalf of a creditor. *See*

15 U.S.C. § 1692a(6); *Carlson v. Long Island Jewish Medical Center*, 378 F. Supp.2d 128, 130-31 (E.D.N.Y. 2005). A creditor collecting bills on its own behalf is only considered a "debt collector" under the FDCPA if it is billing under a different name than its own, thereby implying that a third party is collecting. *See* 15 U.S.C. § 1692a(6). The Hospital is not a debt collector under the FDCPA, because it billed in its own name for services performed entirely by the Hospital and its physician employees. Thus, the Hospital is not a debt collector, and cannot be subject to the provisions of the FDCPA. *See Carlson*, 378 F. Supp.2d at 132; *Bleich v. Revenue Maximization Group, Inc.*, 239 F. Supp.2d 262, 264 (E.D.N.Y. 2002).

Second, Plaintiff fails to state a claim under the GBL. Plaintiff alleges that she and the class were injured because they were improperly invoiced for amounts not due. However, a critical element of a GBL claim is that the plaintiff show actual injury, which injury cannot be the alleged deception itself. *See Bildstein v. Mastercard Int'l Inc.*, 329 F. Supp.2d 410, 415-16 (S.D.N.Y. 2004). Plaintiff equates the alleged deceptive act with the alleged injury and, thus, fails to adequately plead injury in accordance with the GBL's requirements.

Third, Plaintiff's contract claim fails because Plaintiff is not a third-party beneficiary of the Hospital's arrangement with MultiPlan. Assurant is the potential recipient of the discount that was arranged between the Hospital and MultiPlan, pursuant to Assurant's contract with MultiPlan. Plaintiff instead has her own contract with Assurant to define her payment obligations for health services. Therefore, Plaintiff's contractual claim is unsupportable at law. In addition, the arrangement between the Hospital and MultiPlan conditions the 10% discount on a condition that was not met in Plaintiff's case

Finally, dismissal of the FDCPA claim, mandated by the plain language of that statute, should compel the dismissal of the other two state-law claims for lack of subject matter jurisdiction. Plaintiff's reliance upon the Class Action Fairness Act of 2005 ("CAFA") as an alternate basis for jurisdiction is misplaced. Plaintiff's claims fall within the statutory exceptions of CAFA. Mandatory and discretionary dismissal are appropriate because Plaintiff cannot establish either the numerosity or the diversity requirements as they relate to the class and the Defendant. *See* 28 U.S.C.A. §§ 1332(d)(4) (mandatory dismissal), 1332(d)(3) (discretionary dismissal). Moreover, Plaintiff's claims are not cognizable under CAFA because they do not involve matters of national interest, the application of the laws of states other than New York, or a sufficient number of class members outside of the forum state of New York. *See* 28 U.S.C.A. §§ 1332(d). The New York State courts are a more appropriate forum for Plaintiff's state-law claims. *Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70 (S.D.N.Y. Nov. 14, 2006) (NO. 06 CIV. 01878 (DC). Therefore, the Hospital respectfully submits that the Court should decline supplemental jurisdiction over the state law claims in the Complaint, and dismiss this case in its entirety.

We look forward to discussing these issues further with Your Honor at any time that is convenient for the Court. In that regard, Plaintiff's counsel, Mr. Weiss, advises that he will be out of the country and will not be available for a premotion conference until Tuesday, January 22, 2008. Thank you for your consideration.

GARFUNKEL, WILD & TRAVIS, P.C.

815462v.5

Respectfully submitted,

Leonard M. Rosenberg

cc: Joseph H. Weiss, Esq.
Roger N. Parker, Esq.