# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL. (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

January 22, 2008

**Via Telefax - (212) 805-7927**

Honorable Naomi R. Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

    Re:    Helen S. Kahaner v. Memorial Sloan Kettering Cancer Center
              Case No. 07-civ-9626

Dear Judge Buchwald:

       We represent plaintiff Helen S. Kahaner and respond to defendant Memorial Sloan-Kettering Cancer Center's (the "Hospital") pre-motion letter request for conference dated January 11, 2008.

       As more fully set forth below, the Hospital's anticipated motion to dismiss is not well-grounded in law or fact. Contrary to the well-pled facts contained in the complaint and the burdens placed by statute on creditors seeking payment through third-party collectors, the Hospital wrongly contends that the balance-billed amount of $4,448.14 invoiced the plaintiff in the summer of 2007 -- solely on behalf of physicians who provided care to the plaintiff -- was not covered by insurance, was required to be disputed with the Hospital before commencement of suit and was required to be paid by the plaintiff for her claims to lie.

       First, the Hospital *is* a "debt collector" under the FDCPA regarding the payments it seeks to recover on behalf of the physicians who supply services to plaintiff and the members of the class. In this regard, the Hospital did not bill for its own services and the Hospital does not contend that it was owed any money by plaintiff. Rather, it is acting as a third party to the physicians for purposes of collection. The physicians for whom the Hospital bills are not "employees" of the Hospital, whose services were separately paid by Assurant. They are independent contractors who render their bills through a third party, the Hospital. See 15 U.S.C. § 1692a(6).[1]

---

    [1]    15 U.S.C. § 1692a(6) provides in pertinent part:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

WEISS & LURIE

Honorable Naomi R. Buchwald
January 22, 2008
Page 3

timely respond to Assurant's request for additional documentation, the claimed 45 day period for payment relied upon by the Hospital was extended and, thus, cannot constitute a default on the plaintiff's or non-party insurer's part. At the very least, a question of fact is presented regarding whether the 45 day payment period was violated, precluding granting the anticipated motion to dismiss.

Fourth, the Hospital's failure to credit the 10% MultiPlan discount to plaintiff and all similarly situated persons who received care by the Hospital's physicians is not a mere oversight. Sufficient evidence will be forthcoming in discovery to show that this conduct was intentional, systematic and applied to a broad class of persons.

Fifth, plaintiff's claim of third party beneficiary status under the MultiPlan contract and/or the contract with Assurant cannot be dismissed on the Hospital's *ipse dixit* assertion that no such status is present. To the contrary, paragraph 18 of the complaint clearly avers that Assurant's Explanation of Benefits received by plaintiff notes "that the provider charges were discounted to reflect the 10% MultiPlan discount *and that the patient is not responsible to pay this discount amount*." Thus, at the very least, this issue raises a question of fact that cannot be determined on a motion to dismiss.

Sixth, CAFA does apply because the Hospital's contention that plaintiff cannot establish the numerorsity or diversity requirements of CAFA are plainly without merit. Minimal diversity is established by the plaintiff herself because she, unlike defendant, is a resident of South Carolina. Numerosity is subject to several fact intensive inquiries set forth in the statute that are plainly incapable of being resolved prior to discovery on a motion to dismiss.

For the foregoing reasons, we respectfully submit that the anticipated motion to dismiss that defendant seeks here is without merit and, if permitted to make its motion, should be conditioned upon the commencement of full discovery, including the required meet and confer and automatic disclosures required to be made pursuant to the Fed. R. Civ. P. If the Court requires further discussion of these issues, we are available meet with the Court at its convenience, subject to any prior calendar commitments.

Respectfully yours,

Joseph H. Weiss

cc: Leonard M. Rosenberg, Esq. (via email)
Courtney A. Rogers, Esq. (via email)
Mark D. Smilow, Esq.
James E. Tullman, Esq.