UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
HELEN S. KAHANER, for herself and all        :
others similarly situated,                              :
                                                                    :
                                    Plaintiff,          :    Civil Action No.  07-cv-9626 (NRB/KNF)
                                                                    :
                        v.                                      :
                                                                    :
MEMORIAL SLOAN-KETTERING            :
CANCER CENTER,                                    :
                                                                    :
                                    Defendant.        :
-------------------------------------------------------- x


## DECLARATION OF MARK D. SMILOW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

MARK D. SMILOW, pursuant to 28 U.S.C. § 1746, declares as follows:

1.        I am a principal in the law firm of Weiss & Lurie, counsel for Plaintiff in the

captioned matter.  I have reviewed the Complaint in this action and the materials relied upon

therein, as well as the motion to dismiss papers, the Declaration of Leonard M. Rosenberg, Esq.,

in Support of Defendant's Motion to Dismiss the Complaint, executed on February 29, 2008

("Rosenberg Decl."), the Declaration of Roger Parker in Support of Defendant's Motion to

Dismiss the Complaint, executed on February 29, 2008 ("Parker Decl."), and the exhibits thereto,

and was a participant in the events otherwise described herein.  Accordingly, I am fully familiar

with all of the facts and circumstances contained herein and if called upon as a witness could and

would competently testify thereto.

2.        I assume the Court's familiarity with the underlying legal claims and defenses as

set forth in the parties' briefs and do not repeat them here.  I make this affidavit upon personal

knowledge in opposition to the inclusion of factual matters not pled in the complaint, yet improperly relied upon in Defendant's motion to dismiss. Because Defendant has chosen to include extraneous matters (which include purported payroll forms and other contract documentation) and because Plaintiff does not have sufficient evidence to counter the extraneous assertions made by Defendant, Plaintiff opposes consideration of all factual matters outside of the complaint without being afforded the discovery necessary to challenge Defendant's assertions, as set forth more fully below.

      3.     As part of its motion to dismiss, Defendant submits and improperly relies upon the following factual matters not pleaded in the complaint:

- That the physicians for whom the Hospital is alleged to have improperly billed Plaintiff and the other members of the class are "salaried, full-time employees of [the Hospital]" and, therefore, the Hospital is not a debt collector within the meaning of the FDCPA.  Parker Decl. ¶¶ 4, 13-15; Def. Mem at 6;

- 2007 W-2 forms, certain invoices not referred to or incorporated by reference in the Complaint, and other assertions of fact by affidavit (all of which lack a proper foundation) intending to prove that the physicians are *not* independent contractors. *See* Parker Decl. ¶ 13-15 & Ex. C; Memorandum of Law in Support of Defendant's Motion to Dismiss at 6, 14 ("Def. Mem.");

- An (unsigned, undated and draft-stamped) document purporting to be the Hospital/MultiPlan agreement (which also lacks a proper foundation) intending to prove that the 10% MultiPlan discount applies only if the Hospital received the insurer's payment for the services provided to Plaintiff within 30 or 45 days from the date of billing.  *See* Rosenberg  Decl. ¶ 6*;* Parker Decl. ¶¶ 16-18 & Exs. D-E; Def. Mem. at 8;

- That the Hospital did not receive the insurer's payment timely, intending to prove that the 10% MultiPlan discount does not apply.  *See* Rosenberg Decl. ¶ 6; Parker Decl. ¶ 18; Def. Mem. at 7-8;

- That Plaintiff and the other class members are not third-party beneficiaries under the Hospital/MultiPlan agreement.  Rosenberg Decl. ¶ 8; Parker Decl. ¶ 6; and

2

- That Plaintiff and her husband did not request of the Hospital that the 10% MultiPlan discount be credited to the bills invoiced. *See* Parker Decl. ¶ 10; Def. Mem. at 7.

4.    The facts necessary to counter Defendant's self-serving assertions are non-public, can only be derived from information that is the proprietary information of the Defendant or third-parties that have contracted with the Defendant. The factual bases against Defendant's assertions do not originate from the Plaintiff. Defendant has exclusive knowledge and control over the internal information available and known to it concerning the foregoing matters.

5.    Since Defendant's assertions of fact raise matters which by their very nature require further development, and since Defendant has not furnished Plaintiff or her counsel with the discovery material that would permit an independent determination of the propriety of Defendant's assertions, documentary and deposition discovery is necessary to assess these matters. Therefore, pursuant to Fed. R. Civ. P. 12(d), the undersigned respectfully submits that, should the Court convert Defendant's motion into one for summary judgment, Plaintiff is first entitled to discovery.

6.    In sum, absent full discovery, Plaintiff is unable to adequately counter the factual issues raised by Defendant.

7.    Attached hereto as Ex. A is a true and correct copy of the Explanation of Benefits received by Plaintiff from Assurant in early August 2007. This document clearly reflects Assurant's processing of the claim for payment for services by Robert T. Heelan, MD and the payment of $28.35 directly to him, not to the Hospital.

8.    Attached hereto as Ex. B is a true and correct copy of another Explanation of Benefits received by Plaintiff from Assurant in early August 2007. This document clearly

3

reflects Assurant's processing of the claim for payment for services by Paul H. Dalecki, MD and the payment of $2,691.00 directly to him, not to the Hospital.

9.     Furthermore, on March 18, 2008, I contacted Assurant concerning the processing of Plaintiff's claims for the services provided by Doctors Heelan, Dalecki, Fine and Herr referred to in the Complaint in this action.  In response to my inquiry, I was told by the customer service representative with whom I spoke that the taxpayer identification numbers used by Assurant in connection with its processing and payment of each of these four claims was different than the Employer Identification Number identified on the 2007 W-2 forms submitted as Ex. C to the Parker Decl., which Defendant purports is the taxpayer identification number of the Hospital.  In response to my further inquiry, I was also told that the taxpayer identification numbers used by Assurant in connection with its processing and payment of each of these four claims was different than the other three.

10.     Based upon the facts recited above in ¶¶ 7-9, there is an adequate, good faith basis to support the assertion in the Complaint that the doctors who provided services to Plaintiff for which the Hospital billed are not employees of the Hospital, but independent contractors.  This assertion is more than plausibly reasonable based on the fact that at least some of the checks were made payable directly to the doctors – not the Hospital – and because the taxpayer identification numbers used in Assurant's processing of the doctors' claims are different than the one employed by the Hospital and different than each other, indicating that the doctors are using their own taxpayer identification numbers, consistent with the practices of independent contractors, not employees.

4

11.    Turning to the procedural posture of this case and the events surrounding the pre-motion conference that preceded the Defendant's making of their motion to dismiss, the following events occurred.

12.    On January 11, 2008, counsel for the Hospital wrote the Court requesting a pre-motion conference pursuant to Indiv. R. 2.A (the "January 11 letter," annexed as Ex. B to the Rosenberg Decl.).  The January 11 letter addressed the legal issues the Hospital intended to – and ultimately did – raise in its motion to dismiss, stating, among other things, that "[t]he Hospital, in seeking to recover payment for its own services, is not a 'debt collector' under the FDCPA[] . . . because it billed in its own name for services performed entirely by the Hospital and its **_physician employees_**."  *Id*. Ex. B at 2-3 (emphasis added).  But apart from citing to the authorities later relied upon in the Def. Mem., the January 11 letter failed to furnish any support for the contention that Memorial's physicians were "employees," as opposed to independent contractors, of the Hospital.

13.    On January 22, 2008, Plaintiff submitted a rebuttal to the January 11 letter (the "rebuttal letter," appended as Ex. C to the Rosenberg Decl.).  Predicated upon the information she possessed at the time, Plaintiff disputed the Hospital's contention that its physicians were employees, contending that they were actually independent contractors.  Rebuttal letter at 1-2.  The rebuttal letter expressly stated that "this issue presents a question of fact that precludes the granting of the anticipated motion to dismiss at this stage of the litigation, prior to any discovery."  *Id*. at 2.  Furthermore, the rebuttal letter sought "commencement of full discovery," rebuttal letter at 3, because that was and continues to be the only method by which the numerous

questions of fact raised by the January 11 letter could be tested and resolved, including whether the Hospital's physicians are employees.

14.    On January 25, 2008, shortly after noon, I was told by my secretary that the Court called and stated it would conduct a telephone conference with all counsel concerning the submissions it had received from the parties and that we should inform opposing counsel thereof and arrange the call with the Court.

15.    Thereafter, Joseph H. Weiss of my firm and I contacted the Hospital's counsel concerning the foregoing.  In the ensuing calls that we had with counsel for the Defendant, we jointly agreed to place the return call to the Court upon concluding our discussions about scheduling dates in anticipation of the Court's granting the Defendant leave to file its intended motion to dismiss.

16.    Before we placed the joint call to the Court, Mr. Weiss and I again raised the request for discovery that had been made in Plaintiff's letter to the Court dated January 22, 2008, and reiterated our intention to press this request in the upcoming call with the Court.

17.    Counsel for the Hospital responded that it would oppose any discovery until after the motion to dismiss was decided.

18.    During the subsequent joint call with the Court, we were first advised by the Court that the motion to dismiss would be allowed and that we should arrange our own briefing schedule.  We responded that we had, in fact, reached such an agreement and informed the Court of the dates that were agreed to.  Mr. Weiss then proceeded to press Plaintiff's request for discovery, which was denied by the Court.

19.     Between January 11 and January 25, 2008, during the letter writing campaign connected with the pre-motion conference rule, counsel for the Hospital never informed anyone at my firm of its or its client's willingness to provide Plaintiff with discovery, even partial documentary discovery, to support any of the Hospital's contentions of fact raised in its January 11 letter.

20.     To the contrary, the opposition to our request for discovery was so strong and vehement that we saw no purpose in pursuing this matter further.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2008.


                                        /s/ Mark D. Smilow
                                        MARK D. SMILOW