UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HELEN S. KAHANER, for herself and all :
others similarly situated, :
:
                Plaintiff, : Civil Action No. 07-cv-9626 (NRB/KNF)
:
      v. :
:
MEMORIAL SLOAN-KETTERING :
CANCER CENTER, :
:
                Defendant. :
------------------------------------------------------------ x

### AFFIDAVIT OF DONALD KAHANER IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

STATE OF S. CAROLINA  )
                              ) ss.:
COUNTY OF BEAUFORT  )

        DONALD KAHANER, being duly sworn, hereby deposes and says:

        1.     I am the husband of Plaintiff Helen S. Kahaner ("Plaintiff"). I was a participant in the events described herein. Accordingly, I make this affidavit upon personal knowledge and am fully familiar with all of the facts and circumstances contained herein. If called upon as a witness, I could and would competently testify thereto.

        2.     On or about May 11, 2007, having been invoiced by Defendant for services that should have been covered by Assurant, my wife's health insurer, but not having received an explanation of benefits from Assurant, I contacted Assurant concerning the processing of Plaintiff's claims for reimbursement of insured medical costs for services provided on March 9, 2007, by Doctors Heelan, Dalecki, Fine and Herr, all of which are referred to in the Complaint in

this action. In response to my inquiry, I was told by the customer service representative with whom I spoke that Assurant had received requests for payment, but was unable to process those claims because of a deficiency.

3. In response to further inquiries on my part, I was also told that Assurant actually wrote to the doctors requesting additional medical records documentation directly from them in order to clarify the deficiency it had identified concerning their claims for reimbursement for services they provided on March 9, 2007. In fact, I was told that these written requests were made on several prior occasions, specifically March 22, April 12 and May 4, 2007. And I was told that, as of the time of this conversation, none of these written requests for medical records were responded to by the doctors.

4. Upon further inquiry, I was told that in light of the fact that Assurant's multiple written requests for supporting medical documentation were not responded to by the doctors, the only way this was going to get done was if I call the doctors' offices directly and impress upon them the need to respond to Assurant's open medical documentation requests. I proceeded to do so.

5. On or about May 21, 2007, I again contacted Assurant concerning the progress of the processing of the claims for payment for the services described above. I was told by the Assurant customer service representative with whom I then spoke that the medical records that were requested in order to process the claims had still not been received by Assurant. I was told further that Assurant required these records because they supplied Assurant with the information necessary for it to process the claim. I was told that as soon as the information was received, it

would be reviewed and, if appropriate, payment on these claims would be forthcoming in due course.

FURTHER AFFIANT SAYETH NAUGHT

_____
DONALD KAHANER

Sworn to and before me this
15th day of April, 2008

_____
Notary Public

MY COMMISSION EXPIRES
APRIL 26, 2011